THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL J. KANOWICZ,  :  Case No. 4:15-CV-00241
 :
    Plaintiff,  :
 :  (Judge Brann)
v.  :
 :
NHS HUMAN SERVICES, INC.,  :
 :
    Defendant.  :

**MEMORANDUM**
September 30, 2015

Before the Court for disposition is Defendant NHS Youth Services, Inc.'s[1] Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 17). For the reasons that follow, Defendant's Motion to Dismiss will be granted in part and denied in part. To the extent Plaintiff's claim is predicated on Defendant's failure to promote him, Defendant's Motion is granted. However, to the extent Plaintiff's claim is predicated on his termination, Defendant's Motion is denied. Plaintiff is correspondingly directed to file a Second Amended Complaint to assert a claim predicated only on his termination.

---

[1] In its Motion, Defendant states that its proper name is NHS Youth Services, Inc. and that it was incorrectly identified by Plaintiff as NHS Human Services, Inc. If this assertion is correct, the parties, through counsel, should promptly amend the caption of this case accordingly.

1

## I. BACKGROUND[2]

On July 23, 2015, Plaintiff Russell J. Kanowicz (hereinafter "Plaintiff") filed an Amended Complaint alleging that Defendant NHS Youth Services, Inc. (hereinafter "Defendant") violated both the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").[3] (Plaintiff's Amended Complaint, ECF No. 12, hereinafter "Amended Compl."). Plaintiff specifically alleges that Defendant violated the ADA by (1) failing to reasonably accommodate Plaintiff's disability and (2) failing to promote and ultimately terminating Plaintiff because of his disability. *Id.* ¶¶ 31, 33.

According to the facts as set forth within Plaintiff's Amended Complaint, Plaintiff was hired by Defendant[4] on March 10, 2008 as a YSS-1 at its Northwestern Academy juvenile detention facility. *Id.* ¶ 6. At the time of his hiring, Plaintiff was a part-time employee who, under the collective bargaining

---

[2] For purposes of this Motion to Dismiss, the allegations presented in Plaintiff's Amended Complaint will be taken as true, and all inferences will be construed in the light most favorable to Plaintiff.

[3] Pursuant to a Stipulation of August 18, 2015 (ECF No. 16), parties agreed to the withdrawal of Plaintiff's FMLA claim with prejudice.

[4] As a threshold matter under the ADA, Plaintiff avers within his Amended Complaint that Defendant employed "in excess of 25 persons working each day in a calendar week for 20 weeks of the preceding calendar year." Amended Compl. ¶ 5.

agreement, was entitled to a promotion to full-time status following a 90-day probationary period. *Id.* ¶¶ 7-8. During Plaintiff's time of employment by Defendant, he suffered from diabetes which resulted in "infections and abscesses" which substantially impaired one or more of Plaintiff's major life activities. *Id.* ¶¶ 9-10. Plaintiff specifically avers that as a result of this disability he was advised by his doctor not to work for more than 8 hours in a 24 hour period. *Id.* ¶¶ 12, 18. Defendant had knowledge of this doctor-imposed restriction on the length of Plaintiff's work day, and, at all times, considered Plaintiff to be impaired by his diabetes diagnosis. *Id.* ¶¶ 15, 19.

Following the completion of Plaintiff's probationary period, Defendant did not promote Plaintiff to a full-time YSS-1 position despite his qualifications. *Id.* ¶ 20. Defendant thereafter informed Plaintiff that he was not promoted because his disability would prevent him from working beyond the standard 8 hour YSS-1 shift when needed. *Id.* ¶ 17, 21. Plaintiff avers that he was capable of performing the duties of a full-time position if Defendant gave him the reasonable accommodation of limiting his work day to 8 hours. *Id.* ¶ 23. Four years later, on July 6, 2012, Plaintiff was terminated from employment by Defendant because of his disability. *Id.* ¶¶ 28-29. Based on these allegations, Plaintiff suffered lost wages and benefits, medical expenses, and emotional distress. *Id.* ¶ 34.

On August 20, 2015, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 17). This Motion has since been fully briefed and is now ripe for disposition.

## II. DISCUSSION

### A. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); see also Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. See Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. See Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

4

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." Hellmann v. Kercher, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Twombly, 550 U.S. at 554 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. See Hellmann, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See Twombly, 550 U.S. at 561. "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

B. ANALYSIS

Within its Motion to Dismiss Plaintiff's Amended Complaint, Defendant contends that Plaintiff's ADA claim based on Defendant's failure to make a reasonable accommodation and promote him should be dismissed. Defendant specifically claims that, because both of these actions are "discrete acts," an EEOC Charge of Discrimination should have been filed within 300 days of their occurrence. The failure to promote occurred following a 90 day probationary period after Plaintiff's March 10, 2008 hire date. Therefore, because Plaintiff filed a Charge of Discrimination concerning these acts well after the 300 day filing

period, on or about December 4, 2012, Defendant argues that any ADA claim based on such acts is time-barred and should be dismissed.

The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3d Cir. 2010). Before seeking judicial relief under the ADA and other employment discrimination statutes, a plaintiff must first exhaust his administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) (stating that it is a basic tenant of administrative law that all administrative remedies must first be exhausted in order to promote efficiency, respect administrative autonomy, provide courts with the benefit of an agency's expertise, and serve judicial economy). To properly exhaust the administrative remedies under the ADA, a plaintiff must follow the administrative procedures set forth in Title VII, 42 U.S.C. § 2000e–5. 42 U.S.C. § 42117(a); Churchill v. Star Enter., 183 F.3d 184, 190 (3d Cir. 1990). Specifically, a plaintiff must file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); Oshiver v. Levin, 38

F.3d 1380, 1385 (3d Cir. 1995). Alternatively, if the plaintiff first files with a "[s]tate or local agency with authority to grant or seek relief from such practice," such a charge shall be considered timely if filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1).

In its Motion to Dismiss, Defendant argues that Plaintiff's ADA claim should be dismissed because Defendant's failure to reasonably accommodate Plaintiff through promotion[5] occurred well before the 300 days preceding the Charge of Discrimination filed in this case. In response, Plaintiff contends that this act, while occurring outside the 300 days preceding the filing of the Charge of Discrimination, is still actionable as part of a claim under the "continuing violation" theory.

The "continuing violation theory" is an equitable exception to the requirements of 42 U.S.C. § 2000e-5(e)(1) that allows for the adjudication of otherwise time-barred acts occurring more than 300 days prior to the filing of the Charge of Discrimination. Cowell v. Palmer Tp., 263 F.3d 286, 292 (3d Cir. 2001). Under the "continuing violation" theory, a plaintiff may bring suit based partly on time-barred events, so long as the plaintiff can "show that all acts which

---

[5] In Plaintiff's Amended Complaint, he appears to claim that NHS denied him a promotion and terminated him on account of his disability and that both of these actions were a result of NHS' failure to accommodate Plaintiff's perceived disability. In making such an allegation, Plaintiff is combining two otherwise separately actionable claims under the ADA.

8

constitute the claim are part of the same unlawful employment practice and that at least one act falls within the applicable limitations period." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165–66 (3d Cir.2013) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); West v. Phila. Elec. Co., 45 F.3d 744, 754–55 (3d Cir. 1995)).

To constitute a continuing violation, the discriminatory acts must be part of a "persistent, ongoing pattern." Mandel, 706 F.3d at 167. Time-barred discrete discriminatory acts, however, are not actionable under the continuing violation theory even when related to acts alleged in timely filed charges. Morgan, 536 U.S. at 113. Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." Id. at 114.

In the instant action, Plaintiff alleges that Defendant both (1) denied him a promotion to a full-time YSS-1 position based on his disability, and (2) terminated him based on his disability and that both actions were the result of Defendant's failure to accommodate Plaintiff's disability. Accepting as true all of the allegations contained in Plaintiff's Amended Complaint, the Court nevertheless finds the continuing violation theory inapplicable to Plaintiff's failure to promote claim under the ADA. Specifically, the Court notes that "failure to promote" was

9

specifically recognized as a discrete act by the Supreme Court in Morgan.[6] In light of the fact that the Morgan court clearly explained that time-barred "discrete acts" are not actionable even if related to timely acts, this Court will dismiss the ADA claim alleged in Plaintiff's Amended Complaint to the extent that it is based on the time-barred failure to promote act.

Plaintiff's Amended Complaint also alleges that Defendant terminated Plaintiff on July 6, 2012 because of his disability. While termination is also a "discrete act" as defined by the Supreme Court in Morgan, an ADA claim based solely on Plaintiff's termination would be not time-barred because Plaintiff timely filed a Charge of Discrimination with the EEOC on or about December 4, 2012, within the 300 days following termination. However, because Plaintiff pursued multiple theories under a single ADA count within his Amended Complaint, this Court finds it to be within the "interests of justice" to grant Plaintiff leave under Fed.R.Civ.P. 15(a) to file a Second Amended Complaint under the ADA based on this actionable discriminatory act. Allowing leave for Plaintiff to correct his pleading will best orient the parties for continued litigation in this matter.

---

[6] In support of his position concerning the continuing violation theory, Plaintiff cites both Miller v. Beneficial Mgmt. Corp., 977 F.2d 834 (3d Cir. 1992) and EEOC v. Hay Associates, 545 F. Supp. 1064 (E.D. Pa. 1982). The Court finds both of these cases to be factually distinguishable from Plaintiff's case and, in any event, notes that they were decided prior to Morgan.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint will be granted in part and denied in part. To the extent Plaintiff's claim is predicated on Defendant's failure to promote him, Defendant's Motion to Dismiss is granted. However, to the extent Plaintiff's claim is predicated on his termination, Defendant's Motion is denied. Plaintiff is therefore directed to file a Second Amended Complaint asserting a claim predicated only on his termination. Plaintiff shall make such a filing within twenty-one (21) days from the date of this Memorandum.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge